NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YVONNE QUINTERO; SALVADOR QUINTERO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant-Appellee. | No.   20-55883 <br><br> D.C. Nos. <br> 2:18-cv-01912-AB-FFM <br> 2:18-ml-02814-AB-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted February 17, 2022
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and LASNIK,[**] District Judge.

Yvonne and Salvador Quintero sued Ford Motor Company for breach of

express warranty and breach of implied warranty in relation to their leased Ford

Focus under California's "lemon law," the Song-Beverly Consumer Warranty Act,

_____

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Cal. Civ. Code § 1790, *et seq.* The Quinteros appeal the district court's determination that they abandoned their implied warranty claim and its subsequent entry of judgment as a matter of law in favor of Ford on this claim. The parties are familiar with the facts and procedural posture, and we thus do not recite them in detail.

The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's determination that the Quinteros abandoned their implied warranty claim, vacate the district court's subsequent entry of judgment as a matter of law in favor of Ford on the implied warranty claim, and remand for further proceedings.

We review the district court's determination that a party abandoned an issue for abuse of discretion. *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1187 (9th Cir. 2016). We review the district court's grant of a renewed motion for judgment as a matter of law *de novo*. *Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1013 (9th Cir. 2019).

The district court erred when it deemed the Quinteros' implied warranty claim abandoned. Potentially misdirected by the parties,[1] the district court rested

---

[1] Ford's motion before the district court incorrectly conflated abandonment and election-of-remedies doctrine and the Quinteros' response focused on why application of the election-of-remedies doctrine did not support a conclusion that they had abandoned their claim.

its determination that the Quinteros had abandoned their claim on the legal standard articulated in *Roam v. Koop*, 41 Cal. App. 3d 1035, 1039-40 (Cal. Ct. App. 1974). However, *Roam* is not an abandonment case. Rather, *Roam* considers California's election-of-remedies doctrine, an estoppel-based affirmative defense distinct from abandonment. *See Roam*, 41 Cal. App. 3d at 1039-40, 1044-45. The district court therefore applied an erroneous legal standard.

Applying the correct legal standard, we conclude that the Quinteros did not abandon their claim. "A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case." *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) (citing *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1282 (9th Cir. 1994)). Abandonment generally requires that "a litigant deliberately decline[] to pursue an argument by taking a position that concede[s] the argument or remove[s] it from the case." *Walker v. Beard*, 789 F.3d 1125, 1133 (9th Cir. 2015) (citing *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 n.9 (9th Cir. 2002); *BankAmerica*, 206 F.3d at 826).

The record does not indicate that the Quinteros deliberately declined to pursue their implied warranty claim by taking a position that conceded the claim or removed it from the case. Whether the Quinteros were entitled to judgment on the

3

implied warranty claim without first litigating Ford's equitable offset defense was a live issue at the time that the district court deemed the claim abandoned. Ford argued that it was entitled to equitable offset proceedings and that the Quinteros' refusal to participate, coupled with their election of their express warranty claim, amounted to an abandonment of their implied warranty claim. The Quinteros responded that they were not abandoning their claim by electing only one recovery and attacked Ford's request for equitable offset proceedings on the merits. It is not abandonment to refuse to concede to an opposing party on the merits of an issue squarely before the court. The Quinteros therefore did not abandon their claim.

The district court's subsequent entry of judgment as a matter of law in favor of Ford on the implied warranty claim was premised, at least in part, on its earlier determination that the Quinteros had abandoned the claim. Because we reverse the district court's determination that the Quinteros abandoned their implied warranty claim, we also vacate its entry of judgment as a matter of law on this claim.

The Quinteros presented their arguments regarding why judgment as a matter of law was improper on the merits of the implied warranty claim as part of this appeal. However, we have discretion to remand this issue to the district court for determination in the first instance, and we are of the view that the district court's familiarity with the trial aids in this endeavor. *See Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010); *see also Freund v. Nycomed*

4

*Amersham*, 347 F.3d 752, 764-65 (9th Cir. 2003).  We therefore remand to the district court with instructions to consider the legal sufficiency of the implied warranty claim and, if appropriate, the equitable offset issue.

We conclude with an admonition to the parties.  Better coordination among them would have been helpful to the district court's consideration of these post-trial issues and could have avoided significant post-trial and appellate litigation.

**REVERSED AND REMANDED.**